UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TINA ANDRADE,<br><br>                          Plaintiff(s),<br>      v.<br>MIGUEL CAMPOS SANCHEZ,,<br><br>                         Defendant(s). | Case No. 2:22-CV-1351 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Miguel Campos Sanchez ("defendant")'s motion for summary judgment. (ECF No. 14). Plaintiff De'Vaughn Andrade did not file a response to defendant's motion.[1]

Also before the court is Sanchez's motion to enforce settlement. (ECF No. 18). Plaintiff Tina Andrade did not file a response to Sanchez's motion.

I.  **Background**

This is a personal injury case arising out of a motor vehicle accident between the parties. On April 24, 2020, plaintiffs were traveling northbound on Interstate 515 in Las Vegas. (ECF No. 1-1 at 5). Defendant was driving directly in front of plaintiffs, and he was hauling a trailer with an offroad vehicle affixed to the trailer. (*Id.*). Large debris began to fall off the trailer and enter

---

[1] The court denied a motion for extension of time to respond to the motion for summary judgment on December 1, 2023. (ECF No. 23).

**James C. Mahan**
**U.S. District Judge**

the travel path of plaintiffs' vehicle, causing it to swerve erratically to avoid colliding with the debris. (*Id.*). Plaintiffs allege they both sustained serious injuries resulting from the incident. (*Id.*)

Plaintiffs filed a complaint against defendant, asserting a single claim for negligence. (*Id.* at 3-4). Defendant moves for summary judgment against De'Vaughn Andrade only, arguing that he provided no proof of damages. (*See generally* ECF No. 14).

Additionally, defendant moves the court to enforce a settlement agreement and release executed between him and Tina Andrade on May 16, 2023. (*See generally* ECF No. 18).

**II.     Legal Standard**

A.  Motions for summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480

**James C. Mahan**
**U.S. District Judge**

- 2 -

(9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id*.

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

**James C. Mahan**
**U.S. District Judge**

- 3 -

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)) ("[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56.").

B. <u>Motions to enforce settlements</u>

The court has the inherent authority to enforce settlement agreements. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Federal courts apply state contract law when doing so. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Under Nevada law, "when a contract is clear, unambiguous, and complete, its terms must be given their plain meaning and the contract must be enforced as written; the court may not admit any other evidence of the parties' intent because the contract expresses their intent." *Ringle v. Bruton*, 86 P.3d 1032, 1039 (Nev. 2004). Only when the contract is "ambiguous and incomplete" can "extrinsic evidence . . . be admitted to determine the parties' intent" which includes "the parties' subsequent conduct." *Id*.

As to settlement agreements, they are "binding when the parties have a meeting of the minds as to all essential terms to resolve the case." *Peyman v. Rayan*, No. 2:09-cv-01384-KJD-

James C. Mahan
U.S. District Judge

- 4 -

LRL, 2011 WL 4527932, at *1 (D. Nev. Sept. 28, 2011) (citing *May v. Anderson,* 119 P.3d 1254, 1258–59 (Nev. 2005)).  That is, the court cannot enforce a settlement agreement when material terms and facts are in dispute and it cannot "ascertain what is required of the respective parties." *May*, 119 P.3d at 1257.  "Where parties raise objections after the parties agree to a settlement, the court may rightfully deny such objections."  *Ortiz v. Baca*, No. 3:07-cv-00531-RCJ-VPC, 2009 WL 3416550, at *4 (D. Nev. Oct. 23, 2009) (citation omitted).  The court can also sanction a party that refuses to perform its settlement obligations.  *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002).

**III.  Discussion**

    A.  <u>Motion for summary judgment against De'Vaughn Andrade</u>

Defendant first requests that the court enter summary judgment regarding plaintiff De'Vaughn Andrade's negligence claim.

In Nevada, the plaintiff has the burden of proving the elements of a negligence action.  *See Joynt v. Cal. Hotel & Casino*, 835 P.2d 799, 801 (Nev. 1992).  These elements include: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) said breach as the legal or proximate cause of the plaintiff's injury; and (4) damages suffered by the plaintiff.  *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 968 (Nev. 1996).

An expert must establish causation when "the cause of injuries is not immediately apparent."  *Lord v. State*, 806 P.2d 548, 551 (Nev. 1991).  Where medical expert testimony regarding causation is necessary, it must be "made to a reasonable degree of medical probability."  *Williams v. Eighth Jud. Dist. Ct. of the State of Nev.*, 262 P.3d 360, 367 (Nev. 2011).

The court can analyze this issue succinctly, because plaintiff De'Vaughn Andrade has failed to produce any evidence of damages stemming from the incident.  Whereas plaintiff Tina

**James C. Mahan**
**U.S. District Judge**

Andrade has supplied a breadth of medical records and provided a computation of damages for past medical damages, future medical expenses, loss of enjoyment of life, loss of wages, future loss of earnings, past pain and suffering, and future pain and suffering, De'Vaughn Andrade has not provided the court with any of this information. (ECF No. 14 at 6; *see generally* ECF No. 14-1.)

Additionally, De'Vaughn Andradre has not retained a medical expert to support a claim for damages. His answers to defendant's interrogatories also prove fatal to his negligence claim. In one answer, he confirmed that he "is not claiming permanent injuries, ailments, or disabilities as a result of the subject accident." (ECF No. 14-4 at 6).

The court grants defendant's motion for summary judgment, as plaintiff De'Vaughn Andrade cannot satisfy the four requisite elements of a negligence claim.

B.  <u>Motion to enforce settlement against Tina Andrade</u>

Defendant next moves the court to enforce his settlement agreement executed with plaintiff Tina Andrade.

On May 16, 2023, Tina Andrade signed a settlement agreement and release, after which defendant's insurance carrier deposited $2,000.00 into her personal bank account pursuant to the agreement. (*See generally* ECF No. 18-1). One week later, she informed counsel for defendant that she was withdrawing her settlement, despite the fact that she already signed the document. (ECF No. 18 at 4).

Defendant claims that the settlement funds deposited into Tina Andrade's personal account have not been returned. (*Id.*). Counsel for defendant has attempted to have her sign a stipulation and order to dismiss, but she has not respond to this request. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

The four corners of the settlement agreement and release make clear there was an offer of settlement and a subsequently signed acceptance. Furthermore, Tina Andrade indicated her intent to be bound by the settlement agreement by signing the document and accepting the $2,000.00 payment. She has not returned this amount despite attempting to renege on the agreement.

Defendant represents that he has been reasonable throughout this process and allowed ample time for Tina Andrade to sign a stipulation and order to dismiss the action. (*Id.* at 5). Six months have passed since she signed the settlement agreement, and she has made no indication that she intends to correspond with defendant, let alone abide by the document. As defendant aptly posits, granting his motion would serve the best interests of justice, his contractual rights, and secure a speedy determination of this action. (*Id.*).

Finally, defendant seeks attorney's fees and costs. (*Id.* at 6). Under Federal Rule of Civil Procedure 54(d), a prevailing party seeking attorneys' fees must meet the following four requirements: (1) file the motion no later than fourteen days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

Here, defendant fails to provide invoices, affidavits, or a brief summary of the work involved. This is insufficient under Local Rule 54-14(b).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Miguel Campos Sanchez's motion for summary judgment against plaintiff De'Vaughn Andrade (ECF No. 14) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant's motion to enforce his settlement agreement with plaintiff Tina Andrade (ECF No. 18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the parties shall file a joint status report or stipulation to dismiss within thirty (30) days, and Tina Andrade may be subject to sanctions if she fails to comply with the court's order.

DATED May 21, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**